SADIE J. JOHNSON *vs.* JEREMIAH KELLEHER.

Essex. November 4, 1891. — December 3, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Negligence — Contributory Negligence.*

In an action for personal injuries occasioned to a girl between ten and eleven years of age, of ordinary intelligence, by being crushed between a cart and the timbers of a bridge, it appeared that this cart was the rear one of two loaded tip-carts, which were at the time passing over the bridge, the horse in the forward one being driven and that in the other following without actual control a few feet behind. The plaintiff's testimony was, that, as she was going over the bridge, she left the sidewalk and crossed the driveway to look at a boat, and then saw the teams at some distance behind her; that a little later as she turned to recross she saw them within a few feet of her, and, waiting for the forward one to pass, passed in front of the rear one; that when she had crossed she thought there was not room to get by the team on that side, and tried to get hold of the reins to stop the horse, and called to the driver to stop it, but he made no answer; and that she then stooped to pass by the cart, and was struck and pushed against the timbers of the bridge and injured. The defendant's evidence was, that she fell off the tail-board of the forward cart while attempting to ride after the driver had forbidden her to do so, and after he had twice removed her from the cart and put her on to the sidewalk, and told her to stay there or she would get hurt. *Held*, that the questions whether the defendant was negligent, and whether the plaintiff was guilty of contributory negligence or was in the exercise of due care, were for the jury.

TORT, for personal injuries occasioned to the plaintiff by being crushed against the timbers of a bridge by a cart belonging to the defendant. At the trial in the Superior Court, *Braley*, J. refused to rule, as requested by the defendant, that on the evidence the action could not be maintained, and submitted the case to the jury.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The nature of the evidence appears in the opinion.

*F. V. Pike*, for the defendant.

*H. I. Bartlett*, for the plaintiff.

BARKER, J. The plaintiff was a child of between ten and eleven years of age, and of at least the ordinary intelligence and capacity of persons of her years. The accident occurred on the Newburyport part of the Newburyport and Salisbury bridge, near the draw. The Salisbury part of the bridge, including the draw, is of iron, with a plank driveway about twenty feet wide, having on the northwest side a street car track of the ordinary gauge, and on the opposite side a footpath or sidewalk about six feet wide, separated from the driveway by a railing about three feet high, and with a gate at each end of the draw. The Newburyport part of the bridge is of wooden truss-work heavily timbered and sheathed with plank fourteen inches wide at the ordinary height of the hubs of wheels. On this part of the bridge are two driveways, each ten and a half feet wide, separated by a timber chord two feet in thickness, the northwest driveway containing a car track. There is also a footpath about five feet wide, entirely separated from the driveway. The rail of the car track in the northwest driveway, where the accident is alleged to have occurred, is three feet and eight inches from the northwest side of the bridge, and the other rail is two feet and three inches from the middle chord.

The plaintiff testified in substance that she was walking from Salisbury to Newburyport, upon an errand for her father; that as she walked toward the bridge she saw two teams of the defendant loading with stone at a quarry; that before she got to the bridge she looked around and saw the teams coming; that she walked on the sidewalk of the bridge to the Newburyport end of the draw, and then left the sidewalk and crossed the driveway and car track to the further side to see a boat on the river; that as she crossed the driveway she saw the teams approaching at some distance behind her, just coming on to the bridge; that the place where she stood to look at the boat was at the northwest side of the northwest driveway, a few feet from the draw, and that when she turned to come away from the

driveway she saw the teams, a few feet away, approaching, with one driver; that she stood still and waited until the forward one, which was in control of the driver, passed, and then crossed the driveway in front of the rear team, which was only a few feet behind the forward one; that when she had crossed she thought there was not room to get by the team on that side, and put up her hands to pull on the reins to stop the horse, and called to the driver to stop the horse, but he made no answer; that she then stooped to pass by on the side of the cart to which she had crossed, was struck by the cart and pushed against the end of the middle chord of the bridge, and injured.

There was also evidence tending to show that the accident did not occur in the manner testified to by the plaintiff, but in consequence of her falling off from the tail-board of the forward cart while attempting to ride, after she had been forbidden by the driver to do so, and after he had twice removed her from the cart and placed her on the sidewalk of the bridge, and told her to stay there or she would get hurt. It appeared that the carts were tip-carts of ordinary height, loaded with stone, and that the driver was driving the forward horse, and that the rear horse was following a few feet behind.

The question for decision is whether the court below erred in refusing to direct a verdict for the defendant.

It is manifest that the plaintiff cannot be said, as matter of law, to have been guilty of negligence, if the accident occurred as she stated in her testimony, and that it was for the jury to determine both how the accident occurred, and whether or not she was guilty of negligence. She was a child, and was required to exercise only that degree of care, prudence, and foresight which is reasonably to be expected of children of her age. She committed no unlawful act in leaving the sidewalk and walking across the driveways to the side of the bridge, or in standing at the side to look at the boat, or in attempting to return. Whether her conduct in all that led up to the accident was or was not negligent was for the jury.

So, too, was the question of the defendant's negligence. Both of his teams were in charge of one person, who was driving the forward horse, while the rear one followed without actual control a few feet behind. While this is not an unusual mode of

managing tip-carts, whether in any particular case it is negligent depends upon the particular circumstances of that case, and in the case at bar could not, as matter of law, have been said to have been due care.

The case was properly left to the jury.

*Exceptions overruled.*