CLARENCE E. COY v. THE MISSOURI PACIFIC RAILWAY COMPANY.

No. 14,585. (86 Pac. 468.)

1. DAMAGES—*Injury to Child—Demurrer to Evidence.* In an action by a parent to recover for injuries to a child a demurrer to plaintiff's evidence was held to have been properly sustained.

2. ——— *Contributory Negligence—Age of Child.* Evidence of the child, who was twelve years old, reviewed, and held to forbid the relaxing of the rule that it is negligence, as a matter of law, for one to walk or stand upon a railroad-track when there is no necessity or occasion for so doing.

Error from Allen district court; OSCAR FOUST, judge. Opinion filed July 6, 1906. Affirmed.

*E. W. Myler,* and *Ewing, Gard & Gard,* for plaintiff in error.

*J. H. Richards, C. E. Benton,* and *Campbell & Goshorn,* for defendant in error.

*Per Curiam:* Clarence L. Coy, the son of Clarence E. Coy, was seriously injured by being run into by a car of the Missouri Pacific Railway Company. His

father brought an action against the company to recover damages. Upon the trial the court sustained a demurrer to the evidence of the plaintiff, who prosecutes error.

The evidence showed that a freight-car was standing upon a side-track laid along a public street in Iola, and was being unloaded. Several drays were standing near the car, and the boy, seeing them from a distance, came that way for the purpose of getting a ride on one of them. At a distance of about forty feet from the car he went upon the track on which it stood and walked between the rails until he had almost reached it. He then stooped over to gather some snow that lay on the track. At this moment a train, or a part of a train, was backed against the farther end of the car, giving it a sudden impetus toward him. It struck him, knocked him down, and dragged him for some distance, breaking his arm and inflicting other injuries. There was evidence that no warning was given of the approach of the train, and the negligence of the company in that respect may be regarded as established. The demurrer was obviously sustained upon the theory that the boy's own negligence contributed to his injury and precluded a recovery.

Former decisions of this court and of other courts have established the doctrine that it is negligence, as a matter of law, for one to walk or stand upon a railroad-track when there is no necessity or occasion for so doing, and that no recovery can be had for any injuries received under such circumstances from a moving car or engine and not knowingly or wantonly caused. (*Railway Co. v. Schwindt*, 67 Kan. 8, 72 Pac. 573; *Zirkle v. Railway Co.*, 67 Kan. 77, 72 Pac. 539; *Railway Co. v. Withers*, 69 Kan. 620, 77 Pac. 542, 78 Pac. 451.)

In the present instance the boy was not crossing the track, and there was no reason why he should have been upon it when the car was struck. The car itself prevented his seeing the approaching train. The case clearly falls within the doctrine stated unless this re-

sult is prevented by the consideration that the injured boy was but twelve years old. His age, however, is important only as a mark of capacity. (*Bess v. Railway Co.*, 62 Kan. 299, 62 Pac. 996.) Whatever view might otherwise be taken of the matter, the boy's own testimony forbids any relaxation of the rule by reason of his tender years, for it shows a degree of intelligence, a knowledge of the methods of the operation of trains, and an appreciation of the danger to which his situation exposed him, such as might be looked for in a person of full maturity. This is illustrated by his statements that he did n't think the railroad employees would couple to the car while it was being unloaded; that he did while standing on the track lean over and look past the car to see if there was any engine there, seeing several cars but no engine; that he did n't think if a train should strike the cars that it would knock them very far; and that when the car bumped back he jumped backward, thinking it would not move very far. We think the trial court ruled correctly, and the judgment is affirmed.