CHARLES TURNER, BY HIS NEXT FRIEND, PLAINTIFF AND APPELLEE, v. PERRY E. HALL, DEFENDANT AND APPELLANT.

Submitted June 18, 1906—Decided November 12, 1906.

1. Upon a motion to nonsuit on the ground of contributory negligence, where the alleged negligence must be deduced from facts and circumstances in evidence, the question is usually one for the jury, and the motion will be refused unless it is established by the evidence, beyond fair debate, that the plaintiff was negligent and that the negligence directly contributed to the injury complained of.

2. The plaintiff, a boy about twelve years of age, was playing in the roadway of a street, throwing a ball and running to catch it. The defendant's automobile, driven by himself, was coming along the street at full speed, in the middle of the street, giving no warning by horn, bell, whistle or other sound, and when it approached the boy, "twitched" and hit him. The boy was knocked down and injured. The defendant moved for nonsuit on the ground of contributory negligence, which motion was denied. *Held,* that the question of contributory negligence was properly submitted to the jury.

On appeal from the First District Court of Jersey City.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the plaintiff, *Hamill & Egan*.

For the defendant, *Riker & Riker*.

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal from a judgment entered in the First District Court of Jersey City.

The action was brought by a father as next friend for his infant son, to recover for personal injuries claimed to have been occasioned to the infant by the negligent use of an automobile, owned and operated by the defendant.

The state of the case, as settled by the trial judge, shows that the injured boy, who was about twelve years of age, was playing on the roadway of the street near his home on Thirteenth street, Jersey City, December 8th, 1905, between three and four o'clock in the afternoon, throwing up a ball and running to catch it. The defendant's automobile, driven by himself, was coming along the street at full speed, in the middle of the street, giving no warning by horn, bell, whistle or other sound, and when it approached the boy, "twitched" and hit him. He was knocked down and injured. At the close of the plaintiff's case the defendant moved for a nonsuit on the ground of the boy's contributory negligence, which motion was denied, and to this ruling the defendant prayed and was granted an exception. After some evidence on behalf of the defendant, the case was submitted to the jury in a charge to which no objections were made, and the jury rendered a verdict in favor of the plaintiff, assessing the damages at $100, for which amount, with costs, judgment was thereupon entered.

The exception to the ruling of the trial judge on the motion for a nonsuit presents the only question raised for consideration.

I think the motion was properly denied.

Upon a motion to nonsuit on the ground of contributory negligence, where the alleged negligence must be deduced from facts and circumstances in evidence, the question is usually one for the jury, and the motion will be refused unless it

is established by the evidence, beyond fair debate, that the plaintiff was negligent, and that the negligence directly contributed to the injury complained of. *Mahnken* v. *Freeholders of Monmouth,* 33 *Vroom* 404.

In *Kathmeyer* v. *Mehl,* 60 *Atl. Rep.* 40, this court held that a pedestrian struck by an automobile was not guilty of contributory negligence because he was standing in the roadway conversing with one who had there stopped his team to talk with him.

In the present case the evidence above recited presented a disputable question with respect to plaintiff's contributory negligence, and was therefore properly submitted to the jury.

The result is that the judgment below should be affirmed.