Ratcliffe v. Speith.

No. 19,568.

JUNE RATCLIFFE, a Minor, etc., *Appellant*, v. ROBERT SPEITH and WILLIAM SPEITH, *Appellees*.

SYLLABUS BY THE COURT.

1. AUTOMOBILES—*Duty of Driver on Public Street Where Children Are at Play.* Ordinarily it is the duty of a person operating an automobile in a street in which there is a group of children playing not only to bring his automobile under control, but to give warning of approach and to manage his car with reference to the risk that children may not exercise the care for their own protection that adults are expected to exercise.

2. SAME—*Ordinary Care of Driver of Automobile—Contributory Negligence—Questions for the Jury.* Whether the defendants, who were driving an automobile along a street in which a number of children were playing and collided with

and injured one of them, and who approached the children without signals or warnings, exercised ordinary care, or whether the plaintiff, who was over thirteen years old and who started across the street without looking for or observing the approach of the automobile, which was coming at a moderate rate of speed, was guilty of contributory negligence, were questions for the determination of a jury.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed June 12, 1915. Reversed.

*R. J. W. Bloom,* of Columbus, for the appellant.

*Edward M. Tracewell,* and *William J. Moore,* both of Columbus, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover damages for injuries sustained by a girl in a collision with an automobile on a public highway. June Ratcliffe, who was a little over thirteen years of age, and a number of other children were playing on the way home from school as they passed south on High School avenue. A group of the boys were throwing Osage apples at a number of the girls, and while June and some others were running diagonally across the street, looking in the direction from which the apples were being thrown, the defendants, who were coming from the east on Maple street, driving their automobile at a moderate rate of speed, collided with June, who did not observe the approach of the automobile at the intersection of the streets. No signal or warning of their approach was given by the defendants, and as June was looking in another direction she did not observe the automobile nor know that it was in the street until the collision occurred. It appears that there were no obstructions to prevent a view from a point two hundred feet east of the intersection of the streets, the direction from which the automobile was coming, nor from a point one hundred and thirty-four feet north on High School avenue, the direction from which the

Ratcliffe v. Speith.

children were coming. Some effort appears to have been made to swerve the machine from its course so as to avoid the collision, as the front wheel passed the girl without hitting her, but she struck or was struck by the hind wheel or the hinder part of the automobile. Some of the testimony was to the effect that she ran into the car, while she says that the car ran against her. After the plaintiff's testimony was concluded, the court sustained defendants' demurrer to the evidence and gave judgment for the defendants.

The plaintiff, who prosecutes this action by her next friend, alleged that the defendants were negligent in failing to give any warning or signal of their approach and in failing to steer the automobile so as to avoid striking her, a child of immature years. The defendants denied that the injury resulted from their negligence, and insisted that the injury was the result of June's contributory negligence. It is a close question whether the injury was the proximate result of the defendants' negligence or of the plaintiff's contributory negligence, but evidently these were questions of fact which should have been submitted to a jury. It is true that the defendants were driving at a moderate rate of speed, but care in this respect was not the full measure of their duty to persons passing along or across the street. It is true, also, that motorists may ordinarily assume that pedestrians or others using the street will exercise ordinary care. They have no right, however, to assume that the way will always be clear and travelers will always be alert to avoid collision. On the other hand, it is their duty to be vigilant and careful to avoid injuring those who are sharing the use of the streets with them. (*Williams v. Benson*, 87 Kan. 421, 124 Pac. 531.) It is incumbent on them to be particularly watchful at street crossings, at places where many are boarding or leaving street cars, at places of entertainment where large numbers are coming and going, at public school buildings and in such places

where on account of the crowd or confusion or other circumstances people are not likely to observe the approach of automobiles. Especially is it their duty to be alert and watchful near schoolhouses and where there are groups of children who may not exercise the care or take the precautions that would be observed by people of more mature years. All know that children, impelled by the instincts of immaturity, are often heedless of danger, and hence motorists are bound to exercise a degree of care and caution commensurate with this known characteristic and the circumstances of the situation. It is said that the operator of a "car in a street where there are children may well be required to manage his car with reference to all the risks that may reasonably be expected, and among these may be reckoned the risks arising from the heedlessness and indiscretion of children, in the street." (*Collins v. South Boston Railroad,* 142 Mass. 301, 312, 7 N. E. 856, 56 Am. Rep. 675.) Greater precautions are to be taken in a crowded street of a city than in a country highway, and a care which would be sufficient as to adults would be wholly inadequate where the safety of children was involved. Here there was a crowd of children engrossed in play. They could be seen for a considerable distance, and it was obvious, too, that their attention was upon the play rather than upon the possible approach of an automobile. Seeing that they were engrossed in play, it was the duty of defendants to sound the horn or give some suitable signal of their approach. While the speed of the automobile was moderate, it appears that the children did not see it and had no knowledge of its approach until the collision occurred. A blast of the horn or other warning signal would doubtless have arrested their attention and enabled the plaintiff to have avoided the collision and saved herself. The law requires that an automobile shall be provided with a suitable horn, bell or other signal, and when there is a crowd of children, or even

Ratcliffe v. Speith.

adults, in a street who are apparently unaware of the approach of an automobile the least of the precautions that the motorist should take is to sound the horn and give them a warning of the danger and an opportunity to protect themselves.   Some such care as is to be exercised in the streets of a crowded city was required in this instance.   In *Lampe v. Jacobsen,* 46 Wash. 533, 90 Pac. 654, it was said:

"The operation of an automobile upon the crowded streets of a city necessitates exceeding carefulness on the part of the driver.   Moving quietly as it does, without the noise which accompanies the movements of a street car or other ordinary heavy vehicle, it is necessary that caution should be continuously exercised to avoid collisions with pedestrians unaware of its approach.   The speed should be limited, warnings of approach given, and skill and care in its management so exercised as to anticipate such collisions as the nature of the machine and the locality might suggest as liable to occur in the absence of such precautions."   (p. 536; Huddy on Automobiles, 3d ed., § 101.)

Under the circumstances shown the failure of the defendants to give any warning of the approach of the automobile tends to establish negligence on their part and is at least sufficient to take the case to the jury.

The question remains, Does the conduct of the plaintiff and her lack of care bar a recovery?   Can it be said, as a matter of law, that she was guilty of contributory negligence?   Although quite young, she must be held to the exercise of that degree of care which can reasonably be expected from one of her age under the same circumstances.   She was sufficiently mature to understand the peril of stepping in front of an automobile even when running at a rate of from six to eight miles an hour.   If she had known of the approach of the automobile and had purposely undertaken to outrun it there would be room for the contention that it would be contributory negligence in one of her age.   The testimony, however, is that she was looking in another direction and had no knowledge of the approach of the auto-

mobile. A pedestrian is not necessarily negligent who starts across a street without looking or listening to ascertain whether an automobile is approaching. (*Williams v. Benson,* 87 Kan. 421, 124 Pac. 531; *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224, 3 L. R. A., n. s., 345.) If, while plaintiff was running and playing, she had given any thought to the possibility of a collision she naturally would have assumed that an approaching motorist would exercise care and would sound the horn and give some warning of his approach. Under all the circumstances of the case, whether June exercised such care as could be reasonably expected from one of her age, judgment and experience was fairly a question for the determination of a jury. (*Turner v. Hall,* 74 N. J. Law, 214, 64 Atl. 1060; *Lynch v. Shearer,* 83 Conn. 73, 75 Atl. 88; *Thies v. Thomas,* 77 N. Y. Supp. 276; *Haake v. Davis,* 166 Mo. App. 249, 148 S. W. 450; *Johnson v. Kelleher,* 155 Mass. 125, 29 N. E. 200; *Burvant v. Wolfe,* 126 La. 787, 52 South. 1025; Note, 42 L. R. A., n. s., 1178.)

The judgment of the district court will be reversed and the cause remanded for a new trial.