No. 19,830.

WINNIE ROUTH, *Appellee,* v. J. J. WEAKLEY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Automobile—Death of Child—Contributory Negligence.* In an action against the owner of an automobile, which collided with and killed a girl eight and a half years of age who had suddenly left the sidewalk and run diagonally out into the street without looking ahead of her, being pursued by two other girls of whom she was slightly afraid, contributory negligence on her part is not established as a matter of law by a finding that she knew conduct of this kind to be dangerous.

2. SAME—*Pleading—Evidence.* The petition held to allege negligence on the part of the defendant, and the evidence to support the charge.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed January 8, 1916. Affirmed.

*James F. Getty,* of Kansas City, for the appellant.

*L. O. Carter,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Mason, J.: A girl eight and a half years old ran diagonally out from the sidewalk into a much traveled city street, and was struck and killed by an automobile. Her mother brought an action against the owner and recovered a judgment, from which he appeals.

(1) A reversal is asked principally on the ground that the undisputed facts and the special findings establish such contributory negligence on the part of the decedent as to preclude a recovery. The jury found that she had been accustomed to passing the place of the accident on her way to and from school; that she knew that the street was there greatly used by automobiles and other vehicles; that she knew it was dangerous to run diagonally from the sidewalk out into the portion of the street traveled by vehicles without looking ahead of her; and that just prior to being run over, and while looking behind her, she suddenly and quickly turned off from the walk and ran toward and in front of the automobile. Based on the rule that her age is of importance only as an indication of her mental capacity, the argument is made that since it was established that she knew it was dangerous to run out into the street without looking ahead of her, and that she did this very thing, the conclusion is unavoidable that she failed to exercise ordinary care, according to the standard applicable to the case. The fault of this reasoning is that it loses sight of the fact that to be chargeable with contributory negligence she must have had the capacity not only to know the danger ordinarily involved in the conduct mentioned, but to realize and appreciate the risk under the circumstances in which she was placed, and to exercise the judgment and discretion necessary to avoid it. Evidence was given that there had been a disagreement between her and two other girls; that they ran after her and that she was a little bit afraid and ran away from them. Whether in this situation she used the care reasonably to be expected of a child of her age, intelligence and experience was a fair question for the jury. She may have known as an abstract proposition that there was danger in being upon the traveled part of the street without watching where she was going, but have lacked the discretion to keep

this in mind while seeking to escape from the children who were pursuing her. It has been held in other states that even a very young child who crosses a street-car track without looking for an approaching car, or who on seeing it attempts to cross in front of it, may be held guilty of contributory negligence as a matter of law. (*Poland v. Union Railroad Company,* 26 R. I. 215, 58 Atl. 653, and cases there cited.) Here, however, there is room for the inference that the decedent's conduct was affected by her fright—that panic over an imaginary danger made her forgetful of a real one. In any event, the result is controlled by a recent decision of our own. (*Ratcliffe v. Speith,* 95 Kan. 823, 149 Pac. 740.) Differences between the facts of that case and of this are pointed out by the defendant, but they are important only as affecting his conduct. Upon the question of contributory negligence the two cases are substantially parallel. There a girl thirteen years of age collided with an automobile while she was running diagonally across a street and looking in the opposite direction, toward some boys who were throwing Osage apples at her. True, in the present case there is a specific finding that the decedent knew it was dangerous to run out upon the street without looking ahead of her. But in the other it was said of the injured girl that "she was sufficiently mature to understand the peril of stepping in front of an automobile even when running at a rate of from six to eight miles an hour." (p. 827.)

(2) The defendant maintains that a peremptory instruction in his favor should have been given on the ground that the petition made no charge of ordinary negligence, but only of wantonness, of which there was no evidence; and also that considered as a whole the evidence in behalf of the plaintiff showed conclusively that there was no negligence in operating the automobile. The petition characterized the defendant's conduct as reckless, but it alleged specifically that he was negligent in driving his machine at a high, dangerous and excessive rate of speed, and thereby presented the issue of ordinary negligence. Several of the plaintiff's witnesses testified that in their judgment the car was going over thirty miles an hour. Others gave testimony tending to impeach the accuracy of these estimates, but the net effect of all this evidence was for the jury.

The judgment is affirmed.