No. 21,379

ALFRED SCOTT, by his next friend, HENRY SCOTT, *Appellee*, v. THE KANSAS STATE FAIR ASSOCIATION, *Appellant*, et al. .

SYLLABUS BY THE COURT.

1. AUTOMOBILE RACES—*Injury to Boy Ten Years Old—Contributory Negligence—Question for Jury.* Whether the plaintiff, a boy ten years old, of average intelligence, who, while attending automobile races, occupies a dangerous place after repeated warnings of the danger, is guilty of such contributory negligence as will prevent his recovering damages for the injuries he sustained by being run over by one of the racing automobiles, is a question of fact to be determined by the jury.

2. JOINT TORT-FEASORS—*Effect of Compromise with a Part of Them.* On an oral compromise with several joint tort-feasors, a reservation of the right to proceed against the other joint tort-feasors may be made orally.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed March 9, 1918. Affirmed.

*Edwin D. McKeever,* of Topeka, for the appellant.

*Otis Hungate,* and *Frank G. Drenning,* both of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The Kansas State Fair Association appeals from a judgment rendered against it for negligently injuring Alfred Scott.

1. The association urges that the plaintiff was guilty of contributory negligence, and, for that reason, no judgment could be properly rendered in his favor. This question was presented to the trial court in several ways.

On September 17, 1915, the association was holding a free state fair on the Kansas state fair grounds at Topeka, and had advertised that automobile races would occur on that day. The plaintiff, then a boy ten years old, with a couple of companions attended the fair and the automobile races. These races occurred on a half-mile race track, which had been built and was ordinarily used for horse racing. The plaintiff and his companions sat on some boxes near the curve at one end of the track. A large number of other people occupied positions near the plaintiff. Around the track a post and woven-wire fence had been built; the plaintiff was near this fence. The association, through its officers and employees, gave repeated warnings to all who were near the plaintiff that the place occupied by them was dangerous, and that the racing automobiles were liable to leave the track, go through the fence, and kill and injure some of those who were standing near. The plaintiff heard these warnings, but he remained at or near the place then occupied by him. One of the racing automobiles left the track, went through the fence, and injured the plaintiff. The plaintiff lived in the city of Topeka. He was a boy of average intelligence, and was acquainted with automobiles and with the danger encountered by getting in front of one.

The association argues that because of the intelligence of Alfred Scott, because of the dangerous place occupied by him, and because of his remaining in that place after repeated warnings, he was guilty of such contributory negligence as prevents his recovering damages for the injuries he sustained.

Contributory negligence, like negligence, is ordinarily a question for the jury. Under the circumstances disclosed by the evidence abstracted, the question of the contributory neg-

Scott v. Fair Association.

ligence of the plaintiff was a question to be determined by the jury as a question of fact.    The circumstances did not disclose that the plaintiff was guilty, as a matter of law', of such contributory negligence as would prevent his recovery.    In *Ratcliffe v. Speith*, 95 Kan. 823, 149 Pac. 740, this court said:

"Whether   .   .   .   the plaintiff, who was over thirteen years old and who started across the street without looking for or observing the approach of the automobile, which was coming at a moderate rate of speed, was guilty of contributory negligence, were questions for the determination of a jury."   (Syl. ¶ 2.)

A like conclusion was reached in *Routh v. Weakley*, 97 Kan. 74, 154 Pac. 218.    (See, also, *K. P. Rly. Co. v. Whipple*, 39 Kan. 531, 18 Pac. 730; *Bess v. Railway Co.*, 62 Kan. 299, 62 Pac. 996; *Coy v. Railway Co.*, 74 Kan. 853, 86 Pac. 468; Note to "Contributory Negligence of Children," L. R. A. 1917F, pp. 10, 66.)

2.  Another matter urged is that the plaintiff settled with the other defendants in this action, and that he cannot now recover against the fair association.    The action was brought against the Kansas State Fair Association, H. L. Kirkpatrick, S. E. Lux, and W. W. Webb.    A compromise was affected with S. E. Lux and W. W. Webb.    Under that compromise they paid to the plaintiff $2,666.67, and were released from further liability.    However, the plaintiff made a distinct reservation to sue the Kansas State Fair Associaton, notwithstanding the settlement with Lux and Webb.    Both the settlement and the reservation were oral.    The argument is that such a reservation should be reduced to writing.    That argument is not good.    There is no law which requires that such a reservation shall be in writing.    An oral reservation is as good as a written one.    This court has held that such a reservation is good, and that it preserves the right of the injured party to proceed against the joint tort-feasor with whom no settlement has been made.    (*Edens v. Fletcher*, 79 Kan. 139, 98 Pac. 784; *City of Topeka v. Brooks*, 99 Kan. 643, 164 Pac. 285; *Feighley v. Milling Co.*, 100 Kan. 430, 165 Pac. 276.)

No question is presented concerning the negligence of the association.

The judgment is affirmed.