No. 45,183

AMERICAN HOUSING AND INVESTMENT COMPANY, INC., *Appellant*, v. STANLEY FURNITURE COMPANY, INC., *Appellee.*

(449 P. 2d 561)

Opinion filed January 25, 1969.

*John B. Towner,* of Pittsburg, argued the cause and was on the brief for the appellant.

*R. L. White,* of Pittsburg, and *John Epperly,* of Martinsville, Virginia, argued the cause, and *J. Curtis Nettels,* of Pittsburg, was with them on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Plaintiff brought this action for damages for alleged breach of contract to make timely delivery of furniture. Trial was to a jury which found plaintiff had not timely performed its obligations under the contract. Judgment was entered for defendant and plaintiff has appealed.

Plaintiff constructs and operates college dormitories and efficiency apartments. Defendant manufactures and sells furniture at Stanley-town, Virginia. During the period from May to September, 1965, plaintiff constructed a seventy-two unit efficiency apartment building in Pittsburg, Kansas, for rental to college students. In April, 1965, it ordered certain items of furniture from defendant's sales representative at Overland Park, Kansas. Plaintiff wanted the furniture

to be delivered at Pittsburg by September 1 so as to have the apartments furnished by the time students arrived for the fall term at Kansas State College at Pittsburg, which was understood by defendant. Enrollment at the college was scheduled to commence Monday, September 13. Generally most of the students moved into Pittsburg on the preceding Sunday.

Defendant acknowledged and accepted plaintiff's order. Part of the furniture ordered was from defendant's open stock and the remainder had to be specially upholstered to plaintiff's design. Defendant shipped the open stock portion to plaintiff the latter part of June, 1965, but only after plaintiff had made special credit arrangements, that is, plaintiff's president personally guaranteed payment thereof. The remainder of the order, which is the subject of this controversy, was for five chairs for each of the seventy-two apartments, or a total of 360 chairs, all covered with a particular fabric chosen by plaintiff. Printed forms of defendant acknowledging the order stated its terms of payment were: "CBD."

On behalf of defendant it was shown the letters "CBD" meant, in the case of furniture carrried in open stock, payment therefor must be made before delivery; further that for furniture which had to be fabricated to a particular design the expression contemplated full payment of the purchase price prior to commencement of *production* of the furniture, or a deposit of at least fifty percent of the purchase price.

Around July 31 plaintiff's president learned defendant would not ship the order until it was first paid for; at this same time defendant's sales representative told Mr. Black, a Pittsburg decorator through whom plaintiff purchased the furniture and who acted as plaintiff's agent throughout, to get the check for the furniture in, that they normally needed at least thirty days; this conversation was repeated several times; on August 18 or 19 defendant by telephone made further request of plaintiff for payment.

September 2, 1965, defendant received plaintiff's check dated August 31 in payment for the chairs. The chairs were loaded on railroad cars at defendant's plant September 10. Shipment was made September 13 and the chairs arrived in Pittsburg during the week of September 26, 1965.

Plaintiff asserts defendant's delay in shipping the chairs caused it to lose rentals of its apartments and to incur replacement expense, constituting the damages sought in this action.

As indicated, in answer to special questions, the jury, after first finding defendant agreed to furnish the chairs by September 1, 1965, found that plaintiff did not timely perform all of its obligations under the agreement. Plaintiff contends there was no substantial evidence to support this finding. It says the terms of the contract were express and its only obligation thereunder was to pay the purchase price and upon such payment it became entitled to immediate delivery. Stated another way, plaintiff asserts a breach of the contract in defendant delaying shipment of the chairs for any length of time after it received the purchase price.

Plaintiff's entire argument is premised on its assertion there was no dispute as to the terms of the contract. Actually the terms of the contract as to time of payment were very much in dispute throughout this litigation, as raised initially by defendant's answer in the case, as disclosed by the evidence and as finally submitted to the jury. Plaintiff contends its only obligation under the contract was to make payment prior to delivery of the chairs. The contract was partly written and partly oral. Plaintiff's theory overlooks positive evidence by defendant that payment for the custom-made chairs was to be made prior to their being upholstered with particular fabric selected by plaintiff. At trial, plaintiff's employee who handled the purchase of the furniture acknowledged there was no standard custom from one company to another in the manner of making financial arrangements on these purchases; that in most cases the term "CBD" means cash before delivery but not in every case; that there was a difference where furniture was specially made as compared to stock merchandise. There was also dispute as to whether defendant had made oral demands for payment upon plaintiff's employee.

All these issues, including the terms of the contract and performance by the parties, were, upon conflicting evidence, submitted to the jury for decision. Implicit in the jury's finding was a rejection of plaintiff's theory as to the terms of the contract regarding payment. The burden of proof upon all disputed issues was on plaintiff. Here we have a negative finding of fact by a jury against the one having the burden to prove that fact. The effect of the finding is that such party did not sustain the requisite burden of proof. Absent arbitrary and capricious disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice on the part of the jury, the finding cannot be disturbed. Appellate

courts cannot nullify a jury's disbelief of evidence nor can they determine the persuasiveness of evidence which a jury may have believed (*Schroeder v. Richardson*, 196 Kan. 363, 411 P. 2d 670). Hence the finding complained of may not be disturbed.

Plaintiff's only other specification of error is that during the closing argument to the jury counsel for defendant made the following statement:

"Once the chairs in question are fabricated or covered, the chairs could not be resold, and the coverings on said chairs could not be removed."

Plaintiff objected to this statement, the objection was sustained and the jury was admonished to disregard the remark. Plaintiff now says the remark was so prejudicial as to deprive it of fair trial. We think not. Although the trial court sustained the objection, there was evidence given by defendant's salesman in connection with defendant's requirement for a deposit on custom upholstered furniture "because this is the customer's choice, we can't very well be stuck with 116 chairs of only one fabric," and we see no prejudice arising from the incident.

The judgment is affirmed.

APPROVED BY THE COURT.