No. 46,445

RAYMOND SIMPSON, a Minor, by and through His Mother and Next Friend, ALICE M. GUEST, and ALICE M. GUEST, *Appellants,* v. OLETA F. MILLER, *Appellee.*

(499 P. 2d 1102)

Opinion filed July 19, 1972.

*Jim Lawing,* of Jim Lawing, Chartered, Wichita, argued the cause and was on the brief for the appellants.

*William R. Smith,* of Hershberger, Patterson, Jones and Thompson, Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: Raymond Simpson and his mother brought this action for personal injuries and medical expenses incurred when Raymond encountered an automobile driven by the defendant, Mrs. Oleta Miller. Trial was to the court without a jury and resulted in a judgment for the defendant. Plaintiffs appeal.

Raymond was eight years old on August 23, 1969. On that day he was playing with four friends in his back yard in Wichita when the group was inspired to go to Raymond's cousin's house to play with him. Their route took them first to a filling station on the south side of 13th street, some distance east of Grove, where they stopped for a drink of water. Their next stop was a hamburger stand just east of the filling station; there they paused on the sidewalk to observe a "fat lady" inside.

While his companions were thus engrossed Raymond announced his intention to go on to his cousin's, which was across 13th Street on the north side, and on down the block at the east end. Suiting action to words he stepped off the curb and headed diagonally across the street, "walking fast" in his words, "running with his

head down" in defendant's. The next thing he knew he encountered Mrs. Miller's car.

Thirteenth Street is four lanes wide, and Mrs. Miller was driving east in the inside lane of the two east-bound lanes. She had been faced by a red light as she approached the Grove Street intersection and had slowed until it turned green. As she cleared the intersection she accelerated to 25-30 miles per hour (the speed limit was 35) and was some 100 to 150 feet down the block when she saw Raymond "running along the side" of her car. She hit her brakes, Raymond hit the right front bumper, and when she got out her right front wheel was on Raymond's bare foot. He had fallen down but was standing, trying to extricate the foot; she got back in the car and backed off of it.

The investigating officer found a 26 foot skid mark from her left front wheel, a 28 foot one from her right, and as a result of testing pronounced her brakes "O. K." Mrs. Miller's car stopped about 16 feet from the south curb, i. e., one twelve-foot lane's width and four feet more.

The crucial testimony of Mrs. Miller was that she didn't notice the boys on the sidewalk by the hamburger stand and didn't see Raymond until he was in the street next to her car.

On this evidence the trial judge entered judgment for the defendant, saying in his capacity of fact-finder, "I conclude that the plaintiff has failed to prove any negligence on the part of the defendant."

This is a pure negative finding, and cannot be disturbed by this court in the absence of "arbitrary and capricious disregard of undisputed evidence or some extrinsic consideration such as bias, passion or prejudice." *American Housing & Investment Co. v. Stanley Furniture Co.,* 202 Kan. 344, 449 P. 2d 561, Syl. ¶ 1; *Schroeder v. Richardson,* 196 Kan. 363, 411 P. 2d 670, Syl. ¶ 6.

Plaintiffs' primary claim of negligence, and the only one fairly within their designation of points relied on, was that Mrs. Miller failed to keep a proper lookout. They also argue "excessive speed" and "failure to warn," allegations which necessarily depend on the "lookout" claim since there was nothing excessive about her speed unless she saw children in the street, and the duty to honk arises under K. S. A. (now 1971 Supp.) 8-557 only "when necessary."

That statute further requires a motorist to "exercise proper precaution *upon observing* any child . . . upon a roadway." (Emphasis added.) It thus recognizes and codifies the well estab-

lished principle that the motorist's standard of care varies with the circumstances, and the known presence of children is a circumstance calling for extra precautions. Compare, *Ratcliffe v. Speith*, 95 Kan. 823, 149 Pac. 740, where children were playing in the street, with *Morlan v. Smith*, 191 Kan. 218, 380 P. 2d 312, where a child darted into the street. Both cases recognize the enhanced duty owed to children, but both recognized that the ultimate question of whether the motorist met that standard was for the jury.

The duty to reduce speed or honk, therefore, arises because of the hazard to children which is *known* to the motorist or which should have been known through the exercise of reasonable care. This brings us back to Mrs. Miller's failure to see the boys on the sidewalk. Plaintiffs, in effect, would have us hold that the failure was negligence as a matter of law; this we are unwilling to do. It seems to us that just where on a four-lane street a driver's attention must be focused and how much detail of the surroundings he must reasonably absorb depends on the circumstances, and under those present here was a question on which reasonable minds might differ. Such a question must be resolved by the trier of the facts. See *Morris v. Hoesch*, 204 Kan. 735, 466 P. 2d 272; *Jarboe v. Pine*, 189 Kan. 44, 366 P. 2d 783.

The investigating officer testified that Mrs. Miller stated at the time of the accident that she *had* seen the boys on the sidewalk. If this was so, it destroys plaintiffs' "lookout" claim, but raises the subsidiary questions of speed and the necessity of honking. Under the cases cited both of these are likewise questions for the trier of fact. We cannot say as a matter of law that a motorist in the center lane of a four-lane thoroughfare must either slow down or honk each time he sees a group of children on the sidewalk.

In sum, negligence in this case was a fact question and the trial court did not act arbitrarily or capriciously in finding as it did. Its judgment is therefore affirmed.

APPROVED BY THE COURT.