THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. JOHN POTTER, *as Next-friend of George Potter, a Minor.*

#### No. 11210.

1. EVIDENCE—*Declarations of Infant Party.* When an infant becomes a party to an action the same species of evidence is received against him as though he were an adult; and the mere fact that the court rules that he does not understand the nature of an oath will not authorize the rejection of the declarations of an infant plaintiff against his interest. His declarations are to be cautiously received, but the value and the force of the same are necessarily left to the determination of the jury.

2. RAILROADS—*Injury to Infant—Proof of Mental Attributes.* There being an issue as to the contributory negligence of the infant plaintiff, who was injured by the defendant, the brightness and intelligence of such infant was an important consideration, and it is held that the court should not have stricken out proof of that character, previously received on cross-examination without objection.

Error from Pawnee district court; J. E. ANDREWS, judge. Opinion filed October 7, 1899. Reversed.

*A. A. Hurd, William Osmond, O. J. Wood,* and *W. Littlefield,* for plaintiff in error.

*Nelson Adams, G. P. Cline,* and *T. S. Haun,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought against the Atchison, Topeka & Santa Fe Railway Company in behalf of George Potter, who was injured by a moving train in the yards of the company at Larned. It was alleged that while attempting to pass around one train another was negligently backed against him without signal, warning, or any precaution for his safety, crushing his foot so that amputation became necessary. The trial resulted in a verdict and judgment against the company for $5500.

Complaint is made of several rulings of the trial court on the pleadings, testimony, and instructions. The company asked the court to compel the plaintiff below to make his petition more definite and certain by setting forth the purpose of George Potter in crossing the yards where he did, and whether the accident occurred on a street or on the private grounds of the company, but the motion was refused. In this respect the petition was defective. It was important for the company to know whether the plaintiff below claimed the injury was inflicted at a public crossing or on its private grounds, and if on its private grounds, whether he was there by invitation of the company or as a trespasser, or whether he went there to board a train as a passenger, or was merely playing in the yards and was hurt while attempting to catch on a passing train. The duties of the respective parties on a street differ materially from those required of

them on the private grounds of the company, and acts which would constitute negligence in one place could not be regarded as negligence or grounds of liability in the other. In order to prepare for trial and make its defense the company was, therefore, entitled to know what claim in this respect the plaintiff below made.

Mrs. Penrose was called as a witness and stated that she had talked with George Potter just a short time after he was injured, and heard him tell how the accident occurred, but the court would not permit the statement to be given. The company then offered to prove by her that in the conversation she then had he said that he was hurt while attempting to climb or hold upon a passing train. The evidence was excluded by the court on the ground that George Potter was incapable of understanding the nature of an oath, and that the court had previously refused to receive his evidence for the same reason. In this there was error. There is probably no more important kind of testimony than the declarations of suitors made against their own interests, and the admissibility of such testimony does not depend upon whether the person making such declarations recognizes or understands the nature of an oath. Infants who have not a due sense of the obligation of an oath may be excluded by the court, but when an infant becomes a party to a suit, or is liable, the same species of evidence is received against him as though he were an adult. His declarations are to be cautiously received on account of his age, but the value and force of the same are necessarily left for the determination of the jury. (*Mather v. Clark*, 2 Aik. 207 ; Tyler on Infancy, 187.) In this case the infant was less than seven years of age, but it would seem from the answers given by him on

the inquiry as to his competency that his testimony should have been received. That was a question for the trial court, and it has a large discretion in the determination of the same. The test in such a case is not alone whether the infant is able to narrate facts correctly, but it is whether he comprehends the binding effect of an oath. As declarations against interest are not made under oath, that test is not applicable, and where, as in this case, the infant appears to be able to relate facts, his declarations should be received, leaving the jury to judge as to the value of the evidence from the age and intelligence of the infant and the conditions under which the declarations were made.

The general rule requiring all evidence to be given under the sanction of an oath which operates to exclude some infants and other persons from testifying is not a bar to the admission of the competent declarations of such persons when related by competent witnesses. Under the common law, as well as in some of the states, atheists and persons without religious belief are deemed insensible to the obligations of an oath and incompetent as witnesses, but declarations made by them against their own interests would not, for that reason, be rejected in a litigation in which they were interested. Nor should declarations of a like kind made by an infant be rejected merely because the court concludes that he does not understand or appreciate the nature of an oath. The vital importance of the evidence excluded can easily be understood when it is known that there were but two witnesses who saw the accident, one of whom testified that he was run down by the train, while the other testified that he was hanging on the steps of a car. The declarations of the boy made immediately after

the occurrence might have had great weight with the jury in settling the disputed question, and might have proved a controlling element in the case.

John Potter, who was a witness in behalf of his son, testified on direct examination as to the age of the boy, and upon cross-examination testified that he was a bright boy. This testimony was received without objection, but afterward the court, on motion of the plaintiff below, struck it out. As an issue of contributory negligence was raised, the brightness or intelligence of the boy was an important consideration. This was recognized by the court in charging the jury, when an instruction was given that they might take into consideration the age and intelligence of George Potter in determining whether he was guilty of contributory negligence. Then, again, the jury were instructed that, in fixing the amount of damages, if plaintiff was entitled to recover, they might take into consideration the boy's age and intelligence ; and a special interrogatory was submitted to the jury as to whether he had sufficient intelligence to know the danger of getting in front of a moving train. For the determination of these questions the testimony stricken out was material and important. It is suggested that it was not proper cross-examination, but no objection was made to it on that ground when it was introduced, and, on the whole, we think it was admissible.

For the errors mentioned the judgment will be reversed and the cause remanded for a new trial.