Seifert v. Schaible.

---

ALFRED SEIFERT, *a Minor, etc., Appellee,* v. H. F. SCHAIBLE, *Appellant.*

No. 16,201.

SYLLABUS BY THE COURT.

1. PERSONAL INJURIES — *Pedestrian Crossing a Street — Negligence of Driver of a Team.* Pedestrians may rightfully cross streets at places other than the crosswalks at the intersection of streets; and it is the duty of a driver of a team to keep a lookout for pedestrians as well as for vehicles passing along and over the street and exercise reasonable care to avoid a collision with them, and if he fails to do so and by reason thereof a pedestrian is injured the driver or his employer is responsible for the injury.

2. ——— *Instruction on Degree of Care Children are Required*

*to Exercise.* The injured person herein was a boy twelve years of age, and under the testimony it is *held,* that it was competent for the court to call the attention of the jury to the rule that children of tender age are not held to the same strict accountability in the care of themselves as persons of full age, but are required to exercise such care as persons of their age, experience, knowledge and intelligence are ordinarily expected to exercise under like circumstances.

3. WITNESSES — *Cross-examination* — *Scope.* The scope of the cross-examination · of a witness is ordinarily limited to the · subject matter of his examination in chief, and a party who desires his testimony as to other facts should make him his own witness:

Appeal from Wyandotte court of common pleas; LEWIS C. TRUE, judge. Opinion filed December 11, 1909. Affirmed.

*H. L. Alden,* and *William Needles,* for the appellant. *W. H. McCamish,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Alfred Seifert, a boy twelve years of age, started across a street of Kansas City, Kan., when the team and wagon of H. F. Schaible was rapidly approaching, and when Seifert had passed the line of travel of the team and had nearly reached the other side of the street the team suddenly turned from its course and went toward Seifert, ran against him and dragged him some distance, bruising him and breaking one of his legs. To recover for the injuries sustained this action was brought by his next friend, in which it was charged that the team was in the control of two boys and was negligently driven against Seifert. The answer denied the averments of negligence and charged that Seifert had failed to exercise due care of himself. The jury found in favor of Seifert, awarding him $250 as damages. Schaible complains of rulings made on the· testimony and in instructing the jury.

The trial court sustained an objection to a question asked of a witness on cross-examination as to whether

another wagon was passing about the time of the colli-
sion.   Mack, the boy who was driving the Schaible
team, was called by Seifert to prove who was in charge
of the team and that he was acting for Schaible.   The
rule limiting cross-examination to the subject matter
of the examination in chief justified the exclusion of the
testimony.   The rejected inquiry was not touched upon
in the direct examination.   Besides, the question, al-
though of little materiality, was answered by the testi-
mony of other witnesses.

The contention that the demurrer to the plaintiff's
evidence was erroneously overruled does not require
much attention.   There was testimony tending to show
negligence in the management of the team.   Witnesses
stated that the lines were not in the hands of the driver
when the team was approaching, but were hanging over
the end of the seat, while the driver and the boy with
him were scuffling and wrestling; that just before the
collision the horses, which were going rapidly, were hit
with the whip, and that in some way the horses were
jerked, causing them to swerve from their course and
run down Seifert.   In accounting for the sudden turn
of the horses and the injury of Seifert one witness said
that he thought that in wrestling Mack, the driver, got
his foot tangled in the lines.   Schaible is responsible
for the injuries negligently inflicted by his servant
while acting within the scope of the employment.   It
was the duty of his driver to keep the team in control
and to keep a lookout for pedestrians passing over
or along the street.   It is true Seifert was not on a
regular crosswalk when injured, but foot passengers
are not absolutely confined to such walks in crossing a
street.   As persons on foot usually cross ordinary
streets at crosswalks there was less reason for the
driver to anticipate that there would be persons cross-
ing where Seifert was hurt than at regular crossings.
He must, however, in either case exercise care commen-
surate with the situation.   It was his duty to look ahead

and avoid collisions with either pedestrians or teams, and if he failed to do so, or if he carelessly ran a pedestrian down after seeing him, he or his employer must answer for the injury or loss. It is argued that Seifert saw the team and could have avoided the collision, but even if it should be assumed that he had the capacity and discretion of an adult in appreciating and averting danger the testimony showing reckless management of the team, the jerking of them aside and running them diagonally across the street against Seifert when he had crossed the course of travel, was certainly a good basis for the verdict.

The contention that the plaintiff was guilty of contributory negligence is met by the special finding of the jury, made in answer to a question whether, if before attempting to cross the street he had looked for an approaching team and had exercised reasonable care to avoid the team, he could have averted the danger. The answer was: "No. When the boy started across the street, no danger was imminent from that team." Complaint is made that in charging the jury on the subject of contributory negligence the infancy of Seifert was referred to and made prominent. After stating in substance to the jury that if the plaintiff and his companions were playing in the street when the team approached, and the plaintiff then ran in front of the team and was injured, without fault on the part of those in charge of the team, the plaintiff's negligence was the proximate cause of the injury and the verdict should be for the defendant, the court added:

"If you believe the plaintiff was in the exercise of such care and prudence for his safety and protection from injury as a child of his age, knowledge, experience and capacity would usually exercise under like circumstances, and the servants of the defendant were negligent in the management of the team and such negligence on their part caused the collision and consequent injury to the plaintiff, then the negligence of the defendant was the proximate cause of the injury and your verdict should be for the plaintiff."

In another instruction defining negligence the jury were told that children of tender age are not held to the same strict accountability as persons of full age and experience, but are required to exercise such prudence and care as persons of their age, experience, knowledge and intelligence are ordinarily expected to exercise under like circumstances. It is true, as contended, that some boys are as alert and discreet at twelve years of age as many adults, but capacity as well as age is a determining factor as to the degree of care which is to be exercised by children. Persons of Seifert's age are, of course, required to exercise reasonable care, not necessarily the care required of an adult, but it is such prudence and care as is expected from one of his age, intelligence and experience. There was testimony as to both the maturity and capacity of Seifert which justified the court in calling attention to the question of care required of children, and whether Seifert exercised a degree of care graduated to his age and capacity was a fair question for the jury.

No error was committed by the trial court in instructing the jury on the rule in regard to exemplary damages. The petition charged willful and wanton negligence, and the proof was of such a character as to warrant the submission of the question to the jury.

The judgment is affirmed.