No. 64,179

JEREMY HONEYCUTT, a minor, by and through his Guardian, DANIEL H. PHILLIPS, *Appellee*, v. CITY OF WICHITA, WICHITA PUBLIC SCHOOL SYSTEM U.S.D. NO. 259, UNION PACIFIC RAILROAD CORPORATION, and MISSOURI PACIFIC RAILROAD CO., *Appellants*.

(796 P.2d 549)

Opinion filed July 23, 1990.

*Debra J. Arnett*, of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause, and *Barbara S. Girard*, of the same firm, was with her on the briefs for appellant Wichita Public School System U.S.D. No. 259.

*Michael B. Buser*, of Union Pacific Railroad Company of North Kansas City, Missouri, argued the cause and was on the briefs for appellants Union Pacific Railroad Corporation and Missouri Pacific Railroad Co.

*Douglas J. Moshier*, assistant city attorney, argued the cause and was on the briefs for appellant City of Wichita.

*Bradley J. Prochaska*, of Bradley J. Prochaska & Associates, of Wichita, argued the cause, and *Gerard C.Scott* and *Michael L. Snider*, of the same firm, were with him on the brief for appellee.

*Randall E. Fisher*, of Michaud, Hutton & Bradshaw, of Wichita, was on the brief for *amicus curiae* Kansas Trial Lawyers Association.

*Kerry M. Gasper*, of Topeka, was on the brief for *amicus curiae* Kansas Association of School Boards.

The opinion of the court was delivered by

MILLER, C.J.: This is an interlocutory appeal from an order of the Sedgwick County District Court, finding as a matter of law that the six-year-old plaintiff, Jeremy Honeycutt, could not be comparatively at fault because of his age and granting partial summary judgment. Defendants, the City of Wichita, U.S.D. No. 259, Union Pacific Railroad Corporation, and Missouri Pacific Railroad Co., appeal.

The issue for our decision is whether the negligence of a young child is a question of fact or whether a child below a certain age is incapable of negligence as a matter of law. If the latter, then at what age does the negligence of a person become a question of fact?

The facts, so far as they were developed and presented to the judge at the time of his decision, were as follows: Jeremy Honeycutt was six years and four months of age when his legs were severed by a moving train at a railroad crossing on his path home from school. Jeremy had been running alongside the moving train, trying to touch it or get on it, despite warnings from his family and teachers to stay away from trains and follow the directions of his school safety patrol.

Jeremy filed suit through his guardian, Daniel H. Phillips, against the city, the school district, and the railroads. He then filed a motion for partial summary judgment, asking the court to hold as a matter of law that he could not be comparatively at fault because of his age. His motion was granted by the trial court, and the Court of Appeals granted defendants' petition for an interlocutory appeal. We ordered the case transferred to this court pursuant to K.S.A. 20-3018(c).

## SUMMARY JUDGMENT: SCOPE OF REVIEW

Summary judgment is only proper on a genuine question of law not subject to factual dispute. See *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 605, 738 P.2d 1246 (1987). The presence or absence of negligence is ordinarily a question of fact for the jury, rather than one for judicial resolution by summary judgment. See *Phillips v. Carson*, 240 Kan. 462, 472, 731 P.2d 820 (1987).

Whether a child can be held to some standard of care is purely a question of law. The use of summary judgment procedure here was therefore appropriate.

## LAW FROM OTHER JURISDICTIONS

Before examining Kansas case law, let us determine what the current law is in those jurisdictions which have specifically addressed the issues.

Some states hold that a child under seven is not capable of negligence as a matter of law. This is known as the "Illinois rule." See *Toney v. Mazariegos*, 166 Ill. App. 3d 399, 519 N.E.2d 1035 (1988). Other courts follow the "Massachusetts rule" and hold that a minor's capability for negligence is a question of fact. See, *e.g.*, *Peterson v. Taylor*, 316 N.W.2d 869 (Iowa 1982). These courts generally hold that a particular minor's capacity for negligence may be determined by the trial court as a matter of law only if the child is so young or the evidence of incapacity is so overwhelming that reasonable minds could not differ on the matter. For example, the Nevada Supreme Court in *Quillian v. Mathews*, 86 Nev. 200, 203, 467 P.2d 111 (1970), noted that the "numerical weight of authority appears to favor" a rule that a minor's negligence is a fact question and held the trial court did not err in submitting the question of negligence of a six-year-old to the jury. The court rejected the defendant's contention that a six-year-old cannot be negligent as a matter of law, stating:

"We prefer to treat the issue of contributory negligence of a child as a fact issue for the jury upon proper instructions unless reasonable minds could come to but one conclusion from the evidence. This allows for a degree of flexibility in the handling of each case as it comes before the trial court. That court may decide initially whether reasonable minds could believe that the particular child has the capacity to exercise that degree of care expected of children of the same age, experience and intelligence in similar circumstances. Should the court determine that the child has such capacity, the jury then is to decide whether such care was exercised in the particular case. Should the court rule otherwise, then, of course, the issue of contributory fault would not be submitted for jury resolution. This procedure was followed in the case at hand, and we approve it. The evidence supports the court's conclusion that the plaintiff-child possessed the capacity of a normal six-year-old." 86 Nev. at 203.

Other courts hold that a child may be held incapable of negligence as a matter of law, but only at some unstated age or at an age younger than seven (typically, below the age of five). See, *e.g.*, *Taylor v. Armiger*, 277 Md. 638, 358 A.2d 883 (1976) (five-year-old child may not be held not guilty of contributory negli-

gence as a matter of law; issue one of fact for the jury—court dicta speaks of cutoff of three years of age).

Finally, some courts hold that a child is only rebuttably presumed incapable of negligence as a matter of law. See, *e.g.*, *Patterson v. Cushman*, 394 P.2d 657 (Alaska 1964) (child under seven rebuttably presumed incapable of negligence; where evidence showed six-year-old capable of some care, issue one of fact for the jury).

For listings of cases from different jurisdictions, see 2A Personal Injury, Children §§ 4.02, 8.01 (Frumer & Friedman ed. 1989); Prosser and Keeton, The Law of Torts § 32, pp. 179-82 (5th ed. 1984 & 1988 Supp.); Annot., Modern Trends as to Contributory Negligence of Children, 32 A.L.R. 4th 56.

## MODERN TREND ON THE ISSUE

The modern trend in the law appears to be to allow a jury to evaluate the negligence of a minor plaintiff based on a child's standard of care. See, *e.g.*, *Peterson v. Taylor*, 316 N.W. 2d at 872; 2A Personal Injury, Children § 4.02; Annot., 32 A.L.R.4th 56; Annot., Modern Trends as to Tort Liability of Child of Tender Years, 27 A.L.R.4th 15; Annot., Railroad's Liability for Injury to or Death of Child on Moving Train Other than as Paying or Proper Passenger, 35 A.L.R.3d 9; Comment, *Capacity of Minors to be Chargeable with Negligence and Their Standard of Care*, 57 Neb. L. Rev. 763, 767 (1978).

Professor Keeton, in Prosser and Keeton, The Law of Torts § 32, pp. 179-81 states:

"The standard which is ordinarily applied, and which is customarily given to the jury, is to measure the child's conduct against what would be reasonable to expect of a 'child of like age, intelligence and experience.'

"Most courts have attempted to fix a minimum age, below which the child is held to be incapable of all negligence. Although other limits have been set, those most commonly accepted are taken over from the arbitrary rules of the criminal law, as to the age at which children are capable of crime. Below the age of seven, about a dozen states hold that the child is arbitrarily considered incapable of any intelligence. Between seven and fourteen, a number of courts hold that the child is presumed to be incapable, but may be shown to be capable; and that, from fourteen to majority, he is presumed to be capable, but that the contrary may be shown. These multiples of seven are derived originally from the Bible, which is a poor reason for such arbitrary limits; and the analogy of criminal law is certainly of dubious value

where neither crime nor intent is in question. Other courts have rejected any such fixed and arbitrary rules of delimitation, and have held that children well under the age of seven can be capable of some negligent conduct. Undoubtedly there is an irreducible minimum, probably somewhere in the neighborhood of four years of age, but it arguably ought not to be fixed by rules laid down in advance without regard to the particular case."

As early as 1936, the Minnesota Supreme Court gave a good explanation of the reasoning behind the modern trend:

"Under the so-called *Illinois* rule (which is analogous to the common law rule with respect to the nonresponsibility of such young children for criminal acts), it is held that a child under seven is incapable of contributory negligence. [Citations omitted.] This rule has the merit of being easy to apply. However, it is arbitrary and always open to the objection that one day's difference in age should not be the dividing line as to whether a child is capable of negligence or not. Courts following the *Massachusetts* rule hold that the question of contributory negligence of a child under seven years of age is for the jury under proper instructions. [Citations omitted.]

. . . .

"Under a proper instruction the Massachusetts rule is the more sound and the one most likely to insure just result. It does not cast upon the general public any and all risks that may be created by the carelessness of a child. Still it does not go so far as to hold a child to a degree of care not commensurate with its age and experience. . . . There is much opportunity for [the child] to observe and thus become cognizant of the necessity for exercising some degree of care. Compulsory school attendance, the radio, the movies, and traffic conditions all tend to have this effect. Under the Illinois rule a child may be guilty of the most flagrant violation of duty and still not be precluded from recovering damages for injuries suffered partly because of such violation. . . . The Illinois rule has no basis in sound reason or logic. It is based upon an outworn historical rule of criminal law which refused to acknowledge any capacity on the part of any child under seven years of age to distinguish between right and wrong." *Eckhardt v. Hanson*, 196 Minn. 270, 272-75, 264 N.W. 776 (1936).

The Minnesota court adhered to its holding in 1977, allowing a child of five years and eight months to be held 80% at fault for running onto a highway in front of a car. The court stated:

"[C]onscientious parents permit their children 5 and 6 years of age to play on sidewalks proximate to streets carrying vehicular traffic and to walk to places such as schools and stores without adult supervision and protection. If it be true that children of this age have no capacity whatever to appreciate and avoid the risks of vehicular traffic, concerned parents, best able to judge the capacity of their children, would not permit what we know to be the common practice. In this situation, the Massachusetts rule appears more consistent with the way ordinary, reasonable people conduct themselves

than does the Illinois rule, which says in effect that no child under the age of 7 is able to know or appreciate danger." *Toetschinger v. Ihnot*, 312 Minn. 59, 70, 250 N.W.2d 204 (1977).

The Restatement (Second) of Torts § 283A (1964) provides:

"If the actor is a child, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable person of like age, intelligence, and experience under like circumstances."

In Comment *b*, the Restatement explains:

"The special standard to be applied in the case of children arises out of the public interest in their welfare and protection, together with the fact that there is a wide basis of community experience upon which it is possible, as a practical matter, to determine what is to be expected of them.

" . . . Some courts have endeavored to lay down fixed rules as to a minimum age below which the child is incapable of being negligent . . . . The prevailing view is that in tort cases no such arbitrary limits can be fixed. Undoubtedly there is a minimum age, probably somewhere in the vicinity of four years, below which negligence can never be found; but with the great variation in the capacities of children and the situtations which may arise, it cannot be fixed definitely for all cases.

. . . .

"It is impossible to lay down definite rules as to whether any child, or any class of children, should be able to appreciate and cope with the dangers of many situations."

See Restatement (Second) of Torts Section § 464(2) (1964).

The Iowa Supreme Court, in *Peterson v. Taylor*, 316 N.W. 2d at 872, found that "[t]he majority of courts have rejected the arbitrary presumptions of incapacity for contributory negligence based on a child's age. [Citations omitted.] The trend is to view the question of a child's capacity for negligence as an issue of fact." The court held it would no longer recognize any presumption of incapacity but instead would find that the issue of a child's negligence is an issue of fact to be determined on a case-by-case basis on the evidence of the child's age, intelligence, and experience. 316 N.W.2d at 873.

The Idaho Supreme Court held, in *Mundy v. Johnson*, 84 Idaho 438, 447, 373 P.2d 755 (1962), that the capability of a five-year-old who dashed into the street was an issue for the jury, stating:

"Determination of the capacity of children for care and caution does not call for scientific or technical analysis. It is a practical question within the everyday experience of the men and women who compose our juries. They are familiar with the impulsive tendencies, characteristics, and predilictions

of children. They are fully capable of resolving such issues, and the determination thereof may safely be committed to them."

## COMPARATIVE FAULT

Our change from contributory negligence to comparative fault principles, K.S.A. 1989 Supp. 60-258a, makes no difference to analysis of the issues. See generally 2 Comparative Negligence § 10.10 (Matthew Bender 1990). If contributory negligence or an analogous defense would have been a defense to a claim before comparative fault was adopted, then the comparative negligence statute is applicable to the same facts. *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, 845, 610 P.2d 1107 (1980). 2A Personal Injury, Children § 4.03 states:

"Many jurisdictions which formerly followed the rules of contributory negligence have now adopted a doctrine of comparative negligence. The adoption of comparative negligence, however, does not affect the duty of care owed by a child. Comparative negligence merely eliminates the negligence of a child as a complete bar or defense to the child's action for personal injuries. For instance, a child who is not capable of negligence under the doctrine of contributory negligence is also not capable of negligence under the doctrine of comparative negligence. The determination of the relative percentages of negligence is usually a question of fact for the jury."

## PUBLIC POLICY

The plaintiff argues that a conclusive presumption of incapacity for negligence at an age below seven must be made for reasons of public policy to protect children from losses due to their own immaturity. Plaintiff notes that society uses many arbitrary age cutoffs in society; *i.e.*, for driver's licenses, voter registration, and compulsory school attendance. Defendants reply that such arbitrary ages must be established in areas reaching mass quantities of people, but such efficiency is not needed and counteracts the justice intended to be achieved in tort law. We agree and conclude that public policy is best served by submitting the claimed negligence of individual child plaintiffs for jury determination.

## KANSAS LAW

PIK Civ. 2d 4.02, written before our comparative negligence statute was enacted, suggests the following jury instruction under the heading "Contributory Negligence of Minor—Minor of Age Not Chargeable With Negligence":

"With respect to the question (or suggestions) of contributory negligence, you are instructed a child under . . . years of age is conclusively presumed to be incapable of contributory negligence.

"It appears from the undisputed evidence that at the time of the accident . . . was . . . years of age.

"Therefore, you are instructed that . . . was free from contributory negligence."

Under the Comment to the same proposed jury instruction, the authors state:

"The common law made arbitrary classifications: children under seven, seven to fourteen, and over fourteen. Under seven they were incapable of negligence. Between seven and fourteen they were presumed to be incapable of negligence, but the presumption was rebuttable. Over fourteen they were treated as adults. These arbitrary classifications probably do not apply in Kansas. At what precise age a child is presumed to be incapable of negligence in Kansas is not clear. [Citations omitted.]"

We now turn to the relevant Kansas cases. In *K.C. Rly. Co. v. Fitzsimmons*, 22 Kan. 686 (1879), a boy of 12 was injured while playing on a railroad turntable. After noting that the turntable was what is now known as an attractive nuisance, this court held the question of the minor plaintiff's contributory negligence was properly a question of fact for the jury.

We have held that a normally moving train is not an attractive nuisance. *Wilson v. Railway Co.*, 66 Kan. 183, 71 Pac. 282 (1903). In *Wilson*, a 12-year-old plaintiff was injured while climbing aboard a moving train. We sustained the trial court's demurrer to the plaintiff's evidence, noting this was an ordinary train, operated in the usual way, which was common and familiar to people. We declined to extend the doctrine of attractive nuisance from stationary railroad turntables to moving trains, noting it would require a host of employees to keep children away from the trains. This would, we held, fix responsibility at a level that had never been recognized in Kansas. 66 Kan. at 186.

The great weight of authority agrees that a moving train is not an attractive nuisance because it is a risk even a child will realize. See Annot., 35 A.L.R.3d 9, 45-46.

In *K. P. Rly. Co. v. Whipple*, 39 Kan. 531, 540, 18 Pac. 730 (1888), the nine-year-old plaintiff was injured by a train. This court stated that the discretion of an infant of tender years depends upon his age and apparent knowledge.

In *Railway Co. v. Potter*, 60 Kan. 808, 58 Pac. 471 (1889) (*Potter* I), a six-year-old boy was injured and lost one of his legs when he was struck by a moving train. We assumed that the contributory negligence of the boy was a question of fact for the jury. 60 Kan. at 812. The primary issue of the case was whether the minor plaintiff's testimony should have been admitted. The plaintiff's father had alleged that the train was negligently backed against his son as the boy attempted to pass around another train. The defendant complained that the trial court would not allow testimony of a witness that the plaintiff had told her he had been injured when he attempted to climb aboard the moving train. The trial court refused this evidence and the plaintiff's evidence, ruling the boy was too young to understand the nature of an oath. This court found error in the trial court's rejection of the proffered testimony. In reversing the judgment for plaintiff, we said:

"As an issue of contributory negligence was raised, the brightness or intelligence of the boy was an important consideration. This was recognized by the court in charging the jury, when an instruction was given that they might take into consideration the age and intelligence of [the plaintiff] in determining whether he was guilty of contributory negligence." 60 Kan. at 812 (emphasis supplied.)

In *Railway Co. v. Potter* (*Potter* II), 64 Kan. 13, 67 Pac. 534 (1902), the plaintiff again prevailed after testifying at the second trial. After reviewing the trial records, this court reversed upon a finding that the defendant was not negligent. In dicta, however, the court addressed the issue of contributory negligence and stated that the plaintiff was "only chargeable with the proper exercise of the faculties which he then possessed. He could not understand the danger of going upon the railroad-tracks and cannot be held responsible for lack of capacity to appreciate danger." 64 Kan. at 17. The court did *not* find that any plaintiff of six is incapable of contributory negligence as a matter of law.

In *Ratcliffe v. Speith*, 95 Kan. 823, 828, 149 Pac. 740 (1915), we held that it was a question for the jury whether a 13-year-old plaintiff was contributorily negligent in crossing a street.

*Bellamy v. Railways Co.*, 108 Kan. 708, 196 Pac. 1104 (1921), was a wrongful death action brought by the parents of a seven-year-old boy who had fallen while attempting to climb upon a

street car. The defendant argued that the parents were barred from recovery as a matter of law because of the child's contributory negligence. This court held that a child will not be automatically barred from recovery under the doctrine of contributory negligence, because a child shall not be presumed, as a matter of law, to be capable of contributory negligence. Instead, the question of whether the child has sufficient capacity for contributory negligence is one of fact to be determined by the jury. 108 Kan. 708, Syl. ¶ 2. The opinion states:

"No matter how bright and intelligent this seven-year-old boy was, he was only a child, with natural childish instincts to do as other children, perhaps his elders, were accustomed to do, and had done many times, on defendant's cars while they were being backed around this switch. Infants of such tender years are not *presumed* to have discretion and are not, as a matter of *law*, held amenable to the disabling effects of contributory negligence." 108 Kan. at 711-12. (Emphasis supplied.)

Finding that a child's capacity was a question of fact for the jury, we affirmed the jury verdict in favor of the plaintiff parents.

In *Garcia v. Slater-Breitag Yeamans Motor Co.*, 128 Kan. 365, 278 Pac. 23 (1929), a six-year-old girl was injured by a car driven by an employee of the defendant. We held that contributory negligence on the part of the minor plaintiff's parents does not relieve the defendant of liability, given a finding that the defendant is clearly negligent. 128 Kan. 365, Syl. ¶ 1. We also noted that the plaintiff was "too young to have such negligence attributed to herself." 128 Kan. at 370.

In *Moseley v. City of Kansas City*, 170 Kan. 585, 228 P.2d 699 (1951), we held parents of a 16-year-old boy did not have a cause of action for his wrongful death because of his negligence. The boy was killed climbing an electric pole. We held the doctrine of attractive nuisance did not apply to a 16-year-old boy, even though his intelligence was judged to be that of a 12-year-old. We stated:

"The attractive nuisance doctrine . . . is a modification of the general rules of liability for negligence and applies only to a child of 'tender years,' in which the child is a trespasser . . . but is excused from the normal liability of a trespasser because of an attractive object or situation, dangerous if used or handled by children [if the child] by reason of [his] tender years lack[s] capacity to know or realize the danger of being about . . . the attractive . . . condition. It does not apply to adults. Neither does it apply

to children old enough to know the possible danger involved. The term 'tender years' never has been defined in exact years and months, but in the overwhelming majority of jurisdictions, where the doctrine is used, it is rarely applied in the case of a child more than ten years of age." 170 Kan. at 590-91.

In *Farran v. Peterson, Administrator,* 185 Kan. 154, 342 P.2d 180 (1959), we held a seven-year-old girl, appearing by her father, had stated sufficient facts to support a cause of action for damages caused when the girl was injured by falling from a high pile of rubble in an area commonly used by tenants of the premises. The rubble had been thrown into the area by a contractor hired by the landlord. We noted that the defendants "in their brief seem to admit that the seven year old girl could not be charged with contributory negligence, which we agree would be exceedingly difficult to do." 185 Kan. at 160. This appears to have been supported by the facts of the case rather than a presumptive rule based solely on age.

In *Weber v. Wilson,* 187 Kan. 214, 356 P.2d 659 (1960), a 12-year-old plaintiff brought suit for injuries sustained in a bicycle accident. At the conclusion of all the evidence at trial, the trial court granted the defendant's motion for a directed verdict, finding the plaintiff contributorily negligent as a matter of law. We reversed, holding that, although the evidence was such that the plaintiff might properly have been held contributorily negligent as a matter of law if he were an adult, because the plaintiff was a minor, the question was one of fact for the jury to determine. We explained:

"Children of tender years are not held to the same strict accountability of an appreciation of danger and of need for care of themselves as persons of full age, but are required to exercise such care as persons of their age, experience, capacity and intelligence are ordinarily expected to exercise under like circumstances. [Citations omitted.] While courts cannot say that children between nine and thirteen years of age are incapable of exercising any care and are relieved from the application of the doctrine of contributory negligence merely because of age, it has been held that there is no precise age at which a child may be said, as a matter of law, to have acquired such knowledge and discretion as to be held accountable for all his actions to the same extent as one of full age, and the question of capacity of a particular child at a particular time in avoiding a particular danger is one of fact, falling within the province of a jury to determine." 187 Kan. at 220.

In *Riley v. Holcomb*, 187 Kan. 711, 359 P.2d 849 (1961), a nine-year-old boy was struck and killed on the highway. The jury found in favor of the defendant driver in a wrongful death action brought by the boy's parents. Although reversing and remanding for a new trial on other grounds, we held the trial court did not err in refusing the plaintiffs' request that the following instruction be given the jury:

"No. 1. You are hereby instructed that in reference to the defense of contributory negligence pleaded by the defendant . . . that the care required of [the deceased] depends upon his age, knowledge, capacity, experience, maturity, and intelligence. The question is whether [the deceased] acted as a child of his age and of his capacity, discretion, knowledge, and experience would have acted under the same or similar circumstances. Boys will not be charged with negligence when they merely follow the irresistible impulses of their own natures, instincts common to all boys. In many cases where men, or boys approaching manhood, would be held negligent, younger boys, will not be.

"In determining the question of negligence on the part of [the deceased] you must consider all of the facts from the evidence in this case and if he acted as an ordinary boy of his age, capacity, discretion, and experience would have acted under similar circumstances he will not be charged with negligence." 187 Kan. at 717.

We held that the instruction was not proper in its entirety, although "the first two sentences of the first paragraph and the second paragraph of the request correctly stated the law under the evidence presented." 187 Kan. at 718. We thus accepted the jury's consideration of the minor's contributory negligence as well as that standard of care used in those jurisdictions following the Massachusetts rule.

In *Williams v. Davis*, 188 Kan. 385, 362 P.2d 641 (1961), we reversed the trial court's finding that the plaintiffs' petition did not allege a cause of action against defendant landlords where a seven-year-old boy fell through a defective bannister. We found the landlords' promise to repair the bannister imposed upon the landlords liability for any injuries proximately caused by their failure to do so. We held any negligence on the part of the plaintiff's parents did not relieve the defendants of liability, as the defendants' failure to repair was clearly the proximate cause of the injury. We further stated: "The district court recognized that the plaintiff was an infant seven years of age, and it correctly

concluded he was not guilty of contributory negligence, nor could negligence on the part of the plaintiff's parents relieve the defendants of liability for personal injuries sustained by plaintiff." 188 Kan. at 390. We did not specifically state that the plaintiff was free of contributory negligence as a matter of law solely because of his age.

In *Gerchberg v. Loney*, 223 Kan. 446, 576 P.2d 593 (1978), *overruled on other grounds Bowers v. Ottenad*, 240 Kan. 208, 729 P.2d 1103 (1986), the five-year-old plaintiff was burned while playing on his neighbors' premises. At the close of the plaintiff's evidence, the trial court directed a verdict in favor of the defendants. The Court of Appeals reversed, remanding for trial on the theory of attractive nuisance. See *Gerchberg v. Loney*, 1 Kan. App. 2d 84, 562 P.2d 464 (1977). We granted review and held the Court of Appeals' decision proper, finding plaintiff's evidence was sufficient to submit the case to a jury on an attractive nuisance theory.

In dicta, we cited *Davis*, 188 Kan. 385, in stating, "Under the law in this and other jurisdictions a child may be presumed conclusively incapable of contributory negligence." 223 Kan. at 449. Citing *Weber*, 187 Kan. 214, we stated, "Children are not held to the same strict accountability to appreciate a danger and to care for themselves as persons of full age." 223 Kan. at 449. "Therefore," we concluded, "the attractive nuisance exception has been recognized to accommodate for a child's incapacity to understand and appreciate the possible dangers to which he may be attracted." 223 Kan. at 449. We did not establish a precise age at which a child may be presumed incapable of contributory negligence.

In *Talley v. J & L Oil Co.*, 224 Kan. 214, 218, 579 P.2d 706 (1978), the father of a 13-year-old boy killed while playing inside an oil storage tank won a jury verdict in a wrongful death suit brought under the doctrine of attractive nuisance. We reversed and remanded because the trial court had refused to permit the jury to consider the possible contributory negligence of the boy or his parents. We held the question of contributory negligence of the boy was a question for the jury, stating it could not be said that children over the age of nine are incapable of exercising care.

We went on to state: "The reason that children nine years of age and younger are generally presumed conclusively incapable of contributory negligence is that they cannot be held to strict accountability to appreciate a danger and to care for themselves as is required of older persons." 224 Kan. at 219. Quoting *Moseley*, 170 Kan. at 590-91, we noted that the term "tender years," wherein a child is presumed incapable of negligence because of his age, "has never been defined in exact years and months." 224 Kan. at 219. We concluded our discussion of the issue by quoting *Weber*, 187 Kan. at 220, that "the question of capacity of a particular child at a particular time in avoiding a particular danger is one of fact, falling within the province of a jury to determine." 224 Kan. at 219.

School age children, from kindergarten on, must on occasion cross railroad tracks, busy streets, and highways, or pass by sites where heavy equipment is in use. Some play and ride their tricyles, bicycles, skateboards, and roller skates on sidewalks along busy thoroughfares. Some play ball and other sports on or near streets carrying from light to heavy vehicular traffic. Safety habits are stressed in schools. "Look both ways before crossing the street" is a familiar teaching. Safety patrols, on duty at busy intersections while children make their way to and from school, are a familiar sight. Yet injuries to children continue on our streets, highways, and railroads, as shown by our cases throughout the years. Questions of the comparative negligence of children of varying ages and abilities will continue to arise.

The doctrine set forth in *Weber v. Wilson,* 187 Kan. 214, quoted earlier in this opinion, follows the "Massachusetts rule," which we believe is the appropriate rule to be utilized in this state. As that opinion explains:

"Children of tender years are not held to the same strict accountability of an appreciation of danger and of need for care of themselves as persons of full age, but are required to exercise such care as persons of their age, experience, capacity and intelligence are ordinarily expected to exercise under like circumstances. [Citations omitted.] . . . [T]here is no precise age at which a child may be said, as a matter of law, to have acquired such knowledge and discretion as to be held accountable for all his actions to the same extent as one of full age, and the question of capacity of a particular child at a particular time in avoiding a particular danger is one of fact, falling within the province of a jury to determine." 187 Kan. at 220.

A modification of PIK Civ. 2d 4.03 sets forth an appropriate jury instruction which we approve as stating the law of Kansas with reference to the fault of children. See notes on use following PIK Civ. 2d 4.03. The instruction should be modified for comparative negligence as follows:

PIK 4.03 Comparative Negligence—Minor. It has been established by the evidence in this case that . . . was a minor . . . years of age at the time of (his or her) injury. With respect to the question of comparative negligence, you are instructed that a child is not bound to exercise the same degree of care for (his or her) safety that is required of an adult.

While there is no inflexible rule or standard in terms of years which can be laid down as a guide for determining the question of negligence on the part of a child, the law requires of a child that degree of care and caution which is ordinarily exercised by children of the same age, intelligence, capacity, and experience under the circumstances then existing.

As the Idaho Supreme Court noted in *Mundy v. Johnson*, 84 Idaho 438, 373 P.2d 755 (1962), discussed earlier, the determination of the capacity of children for care and caution is a practical question within the everyday experience of the men and women who serve as jurors. A 10-year-old child is expected to have more experience, understanding, and appreciation of danger and thus to exercise more care for his or her safety than is a 4-year-old child. Jurors are familiar with children, with their abilities, intelligence, and capacity at various ages, and thus are well equipped to determine the comparative fault of individual children of varying ages and under particular circumstances, as well as that of all other parties.

The "Illinois rule" has not been adopted in this state, and we decline to adopt it. We hold that the adoption of specific ages at which a child is incapable of negligence as a matter of law would not be beneficial or serve justice in Kansas. Rather, we hold that the negligence of a particular child in particular circumstances should be determined by the factfinder in each case, based upon that degree of care exercised by children of the same age, intelligence, capacity, and experience.

The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.